CJK/2011R00499

RECEIVED

MAR 23 2012

AT 8:30_____M
WILLIAM T. WALSH, CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 12-204 (MLC) |
| | : | |
| | : | 18 U.S.C. §§ 1343 & 2 |
| v. | : | |
| | : | |
| C. TATE GEORGE | : | I N D I C T M E N T |
| | : | |

The Grand Jury in and for the District of New Jersey, sitting at Newark, charges:

### COUNTS ONE THROUGH FOUR
### (Wire Fraud)

**Relevant Parties and Entities**

1. At all times relevant to this Indictment:

    a. Defendant C. TATE GEORGE was the owner and Chief Executive Officer of The George Group, LLC ("The George Group"), a Connecticut corporation with offices in Newark, New Jersey. Defendant C. TATE GEORGE, through The George Group, purported to operate a real estate development business in which he claimed to purchase and develop real estate for a profit.

## THE SCHEME TO DEFRAUD

2. From in or about 2005 to at least in or about October 2011, in the District of New Jersey and elsewhere, defendant

C. TATE GEORGE

did knowingly and intentionally devise and intend to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, as described below.

### Object of the Scheme

3. The object of the scheme and artifice to defraud was for defendant C. TATE GEORGE to fraudulently obtain money from investors by falsely claiming that the money was going to be used in connection with certain real estate development projects.

### Means and Methods of the Scheme

4. It was part of the scheme and artifice to defraud that defendant C. TATE GEORGE would solicit investors to invest their money in The George Group.

5. It was further part of the scheme and artifice to defraud that defendant C. TATE GEORGE would represent to investors, among other things, that their money would be used to fund The George Group's purchase and development of specific real estate projects, including real estate projects in East Orange and Newark, New Jersey.

6. It was further part of the scheme and artifice to defraud that to induce potential investors to invest their money

in The George Group, defendant C. TATE GEORGE would make false representations concerning The George Group, including, among other things, falsely representing that The George Group had a real estate development portfolio worth in excess of approximately $500 million.

7.   It was further part of the scheme and artifice to defraud that to induce potential investors to invest their money in The George Group, defendant C. Tate George would make false representations concerning his personal net worth and financial condition, including, among other things, falsely representing that he had personal assets worth more than approximately $12 million.

8.   It was further part of the scheme and artifice to defraud that to induce potential investors to invest their money in The George Group, defendant C. TATE GEORGE would falsely represent to certain investors that their money would be used merely as "show money" – meaning that it would not be spent on real estate development or for any other purpose, but instead would be used to show that The George Group had sufficient assets to complete a real estate development deal – and would be maintained in an "escrow account" or "trust account" until returned to the investor with interest.

9.   It was further part of the scheme and artifice to defraud that defendant C. TATE GEORGE would provide certain investors with promissory notes and agreements that reflected the amount of their investment and a schedule, which varied from a

- 3 -

N/A
N/A

matter of days to up to two years, for the payment of interest and the return of investors' principal.

10. It was further part of the scheme and artifice to defraud that defendant C. TATE GEORGE would falsely represent to certain investors that there was "no risk" to their investment principal, and that the return of their principal and promised returns was "guaranteed."

11. Based on these, and other, false statements and representations and material omissions, investors in New Jersey and elsewhere sent money to bank accounts controlled by defendant C. TATE GEORGE. During the time period relevant to this Indictment, defendant C. TATE GEORGE raised at least approximately $2 million in this fashion.

12. Contrary to defendant C. TATE GEORGE's representations, defendant C. TATE GEORGE did not use investors' monies to fund The George Group's real estate development business, as promised. Indeed, during the time period relevant to this Indictment, The George Group had virtually no income-generating operations at all. Instead of using investor money to fund real estate development projects, defendant C. TATE GEORGE used investor money primarily (a) to pay defendant C. TATE GEORGE's personal expenses - including funding home improvement projects on his personal residence and paying day-to-day living expenses, such as meals at restaurants, clothing, and gas - and, (b) to make principal and interest payments to existing investors.

13. On numerous occasions, defendant C. TATE GEORGE failed to make required principal and interest payments to investors. In response to investors' questions regarding the disposition of their investment monies, defendant C. TATE GEORGE made a number of false representations, including that the investors' monies had, in fact, been spent on the designated real estate projects.

14. On or about the dates set forth below, in the District of New Jersey, and elsewhere, for the purpose of executing and attempting to execute this scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, defendant

C. TATE GEORGE

did knowingly transmit and cause to be transmitted by means of wire communications in interstate commerce the following writings, signs, signals, pictures and sounds, each constituting a separate count of this Indictment:

| Count | Date | Description |
|---|---|---|
| 1 | 6/19/07 | Wire transfer of approximately $150,000 sent from victim L.M.'s bank account in New Jersey to The George Group's "attorney trust account" in Connecticut |
| 2 | 7/3/07 | Wire transfer of approximately $10,000 sent from The George Group's bank account in Connecticut to the New Jersey bank account of D.T., a prior investor in The George Group, which included investment funds misappropriated from victim B.K. |

| 3 | 12/21/07 | Wire transfer of approximately $100,000 from victim R.P.'s bank account in New Jersey to The George Group's bank account in Connecticut |
| 4 | 8/31/10 | Wire transfer of approximately $250,000, representing victim C.V.'s investment funds, sent from a bank account in California to The George Group's bank account in New Jersey |

In violation of Title 18, United States Code, Section 1343 and Title 18, United States Code, Section 2.

**FORFEITURE ALLEGATION**

1. The allegations contained in Counts One through Four this Indictment are hereby realleged and incorporated by reference for the purpose of noticing forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(c) and Title 28, United States Code, Section 2461(c).

2. The United States hereby gives notice to the defendant, that upon his conviction of the offenses charged in Counts One through Four of this Indictment, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(c) and Title 28, United States Code, Section 2461(c), of any and all property, real or personal, that constitutes or is derived from proceeds traceable to the violations of Title 18, United States Code, Section 1343, alleged in Counts One through Four of this Indictment, including but not limited to, one 2004 Volvo XC90, vehicle identification number YV1CZ91H341039087.

3. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (a)  cannot be located upon the exercise of due diligence;

    (b)  has been transferred or sold to, or deposited with, a third party;

    (c)  has been placed beyond the jurisdiction of the court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of such defendant up to the value of the forfeitable property described in paragraph 2.

              A TRUE BILL,

*/s/ Paul J. Fishman*
PAUL J. FISHMAN
United States Attorney

- 8 -

CASE NUMBER:

# United States District Court
# District of New Jersey

UNITED STATES OF AMERICA

v.

C. TATE GEORGE

# INDICTMENT FOR

18 U.S.C. §§ 1343 and 2

A True Bill,

_____
Foreperson

PAUL J. FISHMAN
*U.S. ATTORNEY*
*NEWARK, NEW JERSEY*

CHRISTOPHER J. KELLY
*ASSISTANT U.S. ATTORNEY*
(973) 645-6112

USA-48AD 8
(Ed. 1/97)