**JOHN F. KALEY**
Doar Rieck Kaley & Mack
217 Broadway, Suite 707
New York, NY 10007
(212) 619-3730
Attorney for Defendant, C. Tate George

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, : | HON. MARY L. COOPER |
| : | CRIM. No.: 12-204 (MLC) |
| v. : | |
| : | |
| C. Tate George : | **AFFIRMATION** |
| : | |

JOHN F. KALEY, and attorney duly licensed to practice law in the State of NewYork, affirms the following:

1. This Affirmation is being submitted in support of the within motion for permission to be Relieved as Counsel.

2. On April 26, 2012, I filed a Notice of Appearance in his matter on behalf of the defendant C. Tate George.

3. My filing of the Notice of Appearance followed Mr. George's execution of a retainer agreement with my firm. In that agreement, Mr. George agreed to pay an initial retainer within a brief period of time on an agreed upon timetable and to pay my firm at an hourly rate billed against the retainer for my work and that of other firm personnel who might assist me in the representation.

4. Despite numerous requests for payment of the retainer, to date no payment has been made by Mr. George.

5. Mr. George had been told more than once that in the absence of payment I would have no choice but to seek permission for myself and my firm to withdraw from representing him in this matter. To my understanding, Mr. George is aware of my and my firm's inability to continue as his counsel under these circumstances.

6. The failure to receive the retainer and any payment has hampered my ability to represent Mr. George. My agreement to represent Mr. George in this matter always was conditional upon payment of the retainer and thereafter the payment of fees as accrued. I am a partner in a small firm. I simply am unable to continue representing Mr. George under these circumstances. The discovery in the case is extensive. Preparation for a trial will require substantial and significant effort, which I am unable to and cannot undertake under these circumstances. It would be unfair to me and to the other members of my firm.

7. Because of these financial circumstances, there also has been a lack of regular communication regarding the case and it is not an overstatement to say that the attorney-client relationship has deteriorated as a result of non-payment and this lack of communication, making my and my firm's continued representation of Mr. George strained and difficult. These circumstances, of course, lead inevitably to a lack of mutual trust which causes further deterioration and erosion of the attorney-client relationship and the bond between attorney and client that is necessary for effective representation.

8. Trial is scheduled for December 3, 2012. There is still time for Mr. George to retain other counsel of his choosing if he is able or to request appointment of counsel under the Criminal Justice Act and for that counsel to be ready to proceed on December 3, 2012 or shortly thereafter, perhaps right after the 1st of the new year.

9. This is not a case where counsel has depleted a client's resources and seeks to be relieved when the client's resources are exhausted. As noted above, no payment had been received. Notwithstanding these facts, in a separate document filed today, I filed motions on behalf of Mr. George so as to meet the date for motions in the Court's scheduling order and so as not prejudice Mr. George. If the within motion to withdraw is granted, I will not seek compensation from Mr. George for my work in this case so that he might preserve assets to engage new counsel or to contribute to the expense of appointed counsel, and I will cooperate with new counsel to effect a seamless transition.

10. For all of these reasons, I respectfully request that the motion to be permitted to withdraw as counsel for Mr. George be granted. If the Court requires further information regarding this application, I would ask that I be permitted to submit same *in camera*.

Dated: October 5, 2012
New York, New York

/s/ John F. Kaley
John F. Kaley