UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA,     :     HON. MARY L. COOPER
                              :     CRIM. No.: 12-204 (MLC)
        v.                    :
                              :
C. Tate George                :
                              :

# MEMORANDUM OF LAW IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL FOR THE DEFENDANT

**JOHN F. KALEY**
Doar Rieck Kaley & Mack
217 Broadway, Suite 707
New York, NY  10007
(212) 619-3730

## PRELIMINARY STATEMENT

This memorandum of law is submitted respectfully for leave to withdraw as Counsel for the defendant C. Tate George in this matter. The facts of this matter are set forth in the Affirmation of John F. Kaley, Esq., dated October 5, 2012.

## ARGUMENT
### THE COURT SHOULD PERMIT COUNSEL TO WITHDRAW FROM REPRESENTING THE DEFENDANT

We recognize that a court has considerable discretion in deciding a motion for withdrawal of counsel. *McKowan Lowe & Co., Ltd. v. Jasmine, Ltd.*, 2005 WL6269793 (D. N.J. 2005). *See also SEC v. Paragon Capital Management PLC*, 2012 WL 3065981 (S.D.N.Y. 2012). Non-payment of fees is a valid basis for the Court to grant such a motion. *Callaway Golf Company v. Corporate Trade, Inc.*, 2011 WL 2899192 at *1 (S.D.N.Y. 2011); *HSW Enterprises, Inc. v. Wou Lae Oak, Inc.*, 2010 WL 1630686 at *4 (S.D.N.Y. 2010); *Promptica of America, Inc. v. Johnson Grassfield, Inc.* 2000 WL 424184 at *1 (S.D.N.Y. 2000). "When a client fails to pay legal fees, fails to communicate or cooperate with the attorney, and the attorney-client relationship has broken down, these are more than sufficient reasons for counsel to be relieved." *Emile v. Browner*, 1996 WL 724715 at *1 (S.D.N.Y. 1996). Here, no payment has been made; communications has been lacking; and, as a result, the attorney-client relationship and the mutual trust necessary for a working relationship and effective representation has deteriorated.

Attorneys are not required to represent clients without remuneration, and the failure to pay invoices over an extended period of time is a valid ground for leave to withdraw. *Certified Force, Inc. v. SoftNet Commo'n, Inc.* 2009 WL 969925 at *4-5 (S.D.N.Y. 2009).

Further, under New York Rules of Professional Conduct 1.16(c), a lawyer may withdraw when "the client disregards an agreement or obligation to the lawyer to pay fees." The ABA Model Rules of Professional Conduct, Rule 1.16 is to the same effect, as is New Jersey's Rules of Professional Conduct, Rule 1.16(b).

We recognize that in considering a motion for leave to withdraw, a Court also will look to any harm which withdrawal might cause the administration of justice and whether withdrawal unreasonably will delay the case. *See McKowan, supra; Paragon Capital, supra; Stain v. Calhoun*, 722 F.Supp.2d 258, 265 (E.D.N.Y. 2010). Here, withdrawal will not unreasonably delay the trial. There is time for new counsel to come into the case without causing a lengthy delay of the case, and counsel seeking to withdraw has represented that he will cooperate to effectuate a seamless transition. Nor will the defendant be harmed by withdrawal. His resources have not been depleted by payment to his current counsel. Where, as here, no payment whatsoever has been made to current counsel, the defendant will not be prejudiced. This is not a case such as, for example, *United States v. Gordon*, 2010 WL 503108 at *2 (N.D. Okla. 2010), where the counsel seeking to withdraw had received a very substantial retainer and fees for their representation of the defendant and had, as a result, exhausted the defendant's assets so that even were new or CJA counsel to have been put in place, the defendant did not have any resources available even "to help defray the expense of court-appointed counsel." *See also United States v. Herbawi*, 913 F.Supp. 170, 171 (W.D.N.Y. 1996); *United States v. Rodriguez-Banquero*, 600 F.Supp. 259, 261 (D. Me. 1987). Here, no payment has been received by counsel.

An analysis of these factors, including the substantial harm to current counsel and his firm, the breakdown of the attorney-client relationship and the lack of prejudice to the defendant all weigh strongly in favor of permitting withdrawal in this case.

For all the above foregoing reasons, we respectfully request that the Court grant the motion of counsel for leave to withdraw.

Dated: October 5, 2012
      New York, New York

                                                    Respectfully Submitted,

By: _____
                                          John F. Kaley
                                          Doar Rieck Kaley & Mack
                                          217 Broadway, Suite 707
                                          New York, New York 10007

To:    Christopher Kelly, AUSA
         U.S. Attorney's Office
         970 Broad Street
         Newark, New Jersey 07102