NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 12-204 (MLC) |
| v. | **MEMORANDUM OPINION** |
| C. TATE GEORGE, | |
| Defendant. | |

    **THE COURT** having presided over the jury trial in this case; and the jury having returned a verdict of guilt on all counts (see dkt. entry no. 84, Verdict Form) against the Defendant, C. Tate George; and the Government, having immediately moved to have George remanded into custody, arguing that he failed to "demonstrate by clear and convincing evidence that he is neither a harm to any individual or the community and by clear and convincing evidence that he is not a risk of flight" (see dkt. entry no. 80, 9-30-13 Trial Transcript at 26:12–15); and the Court having remanded George pending sentencing (see id. at 30:20–31:18); and George now moving to set bail by motion styled "ORDER TO SHOW CAUSE TO SET BAIL PENDING MOTIONS FOR NEW TRIAL, JUDGMENT NOT WITHSTANDING THE VERDICT, FORENSIC ACCOUNTING AND EVIDENTIARY HEARING" (see dkt. entry no. 110, George Bail Mot.); and

    **IT APPEARING** that George bears the burden of establishing that he will not "flee or pose a danger to the safety of any other person or the community if released" pending sentencing, 18 U.S.C. § ("Section") 3143(a)(1); see also Fed.R.Crim.P. 46(c); and it appearing that Section 3143(a)(1) "creates a presumption in favor of detention pending

sentencing," which the defendant can rebut only by meeting the "high standard" of establishing, by clear and convincing evidence, that he does not present a risk of flight or a danger to the community, United States v. Georgiou, No. 09-88, 2010 WL 701892, at *1–2 (E.D. Pa. Mar. 1, 2010); see also United States v. Strong, 775 F.2d 504, 505–08 (3d Cir. 1985); and

**GEORGE ARGUING** that he "should be released on bail because of the likelihood of a New Trial being Ordered in this matter, Prosecutorial Misconduct, Ineffective Assistance of Counsel, the Absolute need for His Participation in the Forensic Accounting for which the public defender's office has offered to pay $3,000 to cover expenses … [his] spotless record, No Flight Risk and finally but Most Importantly, HIS LIKELIHOOD TO SUCCEED on the merits of his case" and that "Two U.S. Marshal's or Agents visited [him] in MCCI and asked him to 'go away quietly with time served'" (George Bail Mot. at 1–2); and

**THE GOVERNMENT ASSERTING** in opposition that George "has not carried his heavy burden of proving, by clear and [sic] compelling evidence, that he is neither a risk of flight nor a danger to the community," and that "if anything, defendant's actions since his conviction have made it more likely that he remains a risk of flight and an economic danger to the community" (dkt. entry no. 114, Government Letter at 3, 5); and

**THE COURT** having carefully reviewed the parties' arguments and finding that George produces no evidence – clear and convincing or otherwise – to demonstrate a single "exceptional reason" to justify release; and

**THE COURT** concluding it must deny the motion styled "ORDER TO SHOW CAUSE TO SET BAIL PENDING MOTIONS FOR NEW TRIAL, JUDGMENT NOT

WITHSTANDING THE VERDICT, FORENSIC ACCOUNTING AND EVIDENTIARY HEARING"; and the Court having considered the matter without oral argument pursuant to Local Criminal Rule 1.1, which applies Local Civil Rule 78.1(b) and Local Civil Rule 7.1(i) to criminal cases tried in this Court; and for good cause appearing, the Court will issue an appropriate order.

        s/ Mary L. Cooper  
**MARY L. COOPER**  
United States District Judge

Date:   October 29, 2014