UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
ZAHID N. QURAISHI
UNITED STATES DISTRICT JUDGE

U.S. COURTHOUSE
402 EAST STATE STREET, ROOM 7000
TRENTON, NJ 08608

July 27, 2022

## LETTER OPINION

Re:   United States v. C. Tate George
      Crim. No. 12-204 (ZNQ)

Dear Counsel:

Before the Court is *pro se* Defendant C. Tate George's ("Defendant") Motion for Termination of Supervised Release under 18 USC § 3583(e)(1). (ECF No. 274.) Defendant filed a Brief in Support of the Motion ("Moving Br.," ECF No. 274.), and the Government opposed the Motion. ("Opp'n Br.," ECF No. 276.) Thereafter, Defendant filed a reply. ("Reply," ECF No. 277.) The Court has considered the parties' submissions and decides this matter without oral argument pursuant to Local Criminal Rule 1.1 and Local Civil Rule 78.1(b). For the reasons discussed below, the Court will deny Defendant's Motion.

## I.   BACKGROUND AND PROCEDURAL HISTORY

On September 30, 2014, a jury convicted Defendant on four counts of wire fraud for his involvement in a scheme that defrauded investors through false representations of purported real estate development projects. (ECF No. 84.) The Court sentenced Defendant on January 21, 2016, to concurrent sentences of 108 months imprisonment and a three-year term of supervised release on each count. (ECF No. 206.) The Court assessed a two-point enhancement for obstruction upon Defendant's perjury at trial and upon the Court's finding that Defendant provided three fraudulent letters to the Court at sentencing. (ECF No. 206.)[1] Defendant was released on June 11, 2020, under the supervision of Kintock halfway house in Newark, New Jersey to home confinement at his mother's residence. (Opp'n Br. at 3.) On September 30, 2020, Defendant filed a motion for termination of his remaining sentence and a reduction of his supervised release. (ECF No. 257.) Later, on December 10, 2020, Defendant filed an amended motion for compassionate release. (ECF No. 263.) The Court denied the motions on January 12, 2021. (ECF No. 268.)[2] Defendant commenced his three-year term of supervised release on or about July 23,

---

[1] The Third Circuit later upheld the District Court's application of a two-level enhancement. *United States v. George*, 684 F. App'x 223 (3d Cir. 2017).

[2] Defendant appealed the Court's denial and the Third Circuit dismissed the matter pursuant to Federal Rule of Appellate Procedure 42(b). (ECF Nos. 270 and 272.)

2021. (Opp'n Br. at 4.) On June 27, 2022, Defendant filed the instant motion for early termination of his supervised release. (ECF No. 274.)

## II.     DISCUSSION

### A.     One Year Requirement

Under 18 U.S.C. § 3583(e)(1), a court may terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release and if in doing so the Court is satisfied that the defendant's actions and the interest of justice warrant it. 18 U.S.C. § 3583(e)(1). At the time of filing his motion, Defendant did not yet serve a year of supervised release because his term began on July 23, 2021, and he becomes eligible on July 23, 2022. As such, Defendant is not yet eligible for early termination of supervised release pursuant to § 3583(e)(1). *See United States v. Banks*, Cr. No. 04-176, 2015 WL 926534, at *4 (W.D. Pa. Mar. 4, 2015) (denying motion for early termination on the basis it was untimely); *see also United States v. Guess*, 541 F. Supp. 2d 399, 405 (D. Maine 2008). Therefore, Defendant's motion is untimely.

### B.     § 3553(a) Factors

Further, the Court finds that even if Defendant's motion was timely, Defendant is nonetheless not eligible for early termination under the factors set forth in 18 U.S.C. § 3553(a). Section 3583(e)(1) requires a court hearing a motion for early termination of supervised release to consider the sentencing factors under § 3553(a). The factor are as follows:

> (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide him with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and sentencing range established for the defendant's crimes; (4) pertinent policy statements issued by the United States Sentencing Commission; (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (6) the need to provide restitution to any victims of the offense.

*United States v. Melvin*, 978 F.3d 49, 51 (3d Cir. 2020) (citing 18 U.S.C. § 3583(a)(1), (2)(B)–(D), (4)–(7)). "[A]fter considering these factors, the court may provide relief only if it is satisfied that early termination is warranted by the defendant's conduct and is in the interest of justice." *Id*. at 52; 18 U.S.C. § 3583(e)(1). "The expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a District court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *Id*. at 53. (quoting *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014)). It is not required that a District court make specific findings of fact with respect to each of the factors. *United States v. Gammarano*, 321 F.3d 311, 315 (2d Cir. 2003). Instead, "a statement that [the district court] has considered the statutory factors is sufficient." *Id*. at 315–16. (quoting *United States v. Gelb*, 944 F.2d 52, 56-57 (2d Cir.1991)).

Defendant contends that he is eligible for early termination of supervised release because he is currently employed and has been since August of 2021. (Moving Br. at 7.) Defendant argues that he is further eligible for early termination because he "has demonstrated that he is a very productive member of society" and has spent his time post-release working as a real estate developer in the affordable housing space. (*Id.*) Defendant also seeks early termination because he plans to move to Nevada and pursue employment opportunities there. (*Id.*) Defendant argues he "has been in full compliance with his court ordered supervised release stipulations with no qualms or issues with the probation office." (*Id.* at. 8.) Last, Defendant contends his conduct while incarcerated was admirable, he is not a threat to the community, and that he was convicted of a non-violent offense. (*Id.* at 8–9.) The Government, in opposition, argues that Defendant has not met his burden to show there have been changed circumstances to warrant reducing his three-year sentence of supervised release. (Opp'n Br. at 5.) The Government contends compliance with the terms of supervised release are not grounds for a court to grant early termination. (*Id.*) The Government also rejects Defendant's argument that his plan to move to Nevada is hindered by his term of supervised release. (*Id.*) Instead, the Government argues Defendant may avail himself of the opportunities in Nevada even with the pending supervised release term. (*Id.*) The Government also notes while Defendant's crimes were of a non-violent nature, the underlying offenses for which he was convicted were serious. (*Id.*) The Government highlights Defendant stole, in total, more than $3.7 million dollars from numerous victims, some of which were Defendant's own relatives. (*Id.* at 5–6.) In addition, the Government noted that Defendant received a two-level sentencing enhancement for perjury because he falsely testified at trial. (*Id.* at 6.) Last, the Government contends Defendant raised similar arguments about the non-violent nature of his offense in a motion for compassionate release that was denied by the Court. (*Id.*) In reply, Defendant attempts to relitigate his underlying offenses and continues to assert he was not at fault for his underlying conduct. (Reply at 2.) Defendant also rejects that he is not yet eligible for early termination of supervised release. (*Id.* at 4.)

Here, in light of these facts and the factors under 18 U.S.C. § 3553(a), Defendant's motion is denied. Admittedly, Defendant's offense was non-violent, but it was nonetheless serious and grave. As the Government notes, Defendant stole more than $3.7 million dollars from numerous victims, including his own relatives. Many of those victims testified about the damning impact Defendant's conduct had on their lives' earnings and savings. Moreover, Defendant's subsequent conduct, falsely testifying at trial, is not to be overlooked. As the sentencing court noted, this conduct was "highly dubious" and negatively reflects on Defendant's conduct. *See United States v. Caruso*, 241 F. Supp. 2d 466, 468 (D.N.J. 2003) (where the court reasoned that the serious nature of defendant's crime of participating in the solicitation of a bribe on behalf of the then Mayor of the City of Camden weighed against granting defendant's motion of termination of supervised release). Defendant has not met his burden in showing that any "extraordinary circumstances" have arisen to justify early termination of his supervised release. *Melvin*, 978 F.3d at 53. Although Defendant has followed the terms of his supervision, "[m]erely complying with the terms of his probation and abiding by the law are not in and of themselves sufficient to warrant early termination of probation; rather, this is simply what is expected of Defendant." *Caruso*, 241 F. Supp. 2d at 468. (quoting *United States v. Paterno*, Cr. No. 99-037, 2002 WL 1065682, at *3 (D.N.J. April 30, 2002)).

The Court also agrees with the Government that Defendant has successfully gained employment and his supervised release is not an obstacle to his current restitution obligations and job opportunities. It also does not go unnoticed that while Defendant expresses that he has taken responsibility for his past actions, his statements and arguments do not reflect that. Specifically, in his motion, Defendant describes his conviction and sentence as "a wrongful conviction and an illegally long sentence based on no evidence of intended or actual loss that had occurred." (Moving Br. at 8.) The Court also finds Defendant's arguments in reply unavailing. In reply, Defendant contends, without support, that he has served a term of a year and seemingly invites this Court to circumvent the express statutory language under 18 U.S.C. 3583(e)(1). (Reply at 4.) Additionally, Defendant's reply seemingly confuses his date of early release from incarceration with the date of eligibility for early termination of his supervised release. (*Id.* at 5–6.) Moreover, Defendant does not present any new facts under the 3553(a) factors. (*Id.* at 9–11.) Instead, Defendant continues to deny blame for his conduct and attempts to relitigate his prior conviction. (*Id.* at 2, 7.) In sum, Defendant has not met his burden to justify early termination of his supervised release.

The cases Defendant cites to support his position are distinguishable. First Defendant cites, *United States v. Schuster*, Cr. No. 01-67, 2002 WL 31098493 (S.D.N.Y. Sept. 19, 2002). The *Schuster* case is distinguishable from the present case because in that case the court granted the defendant's motion for termination of supervised release because "despite the most vigorous and diligent efforts to obtain new employment commensurate with his talents, defendant . . . had repeated rejections and setbacks." *Schuster*, 2002 WL 31098493, at *1. As mentioned previously, unlike in *Schuster*, Defendant has already acquired gainful employment and thus, he has not suffered the same serious setbacks as those present in *Schuster*. Defendant also cites *United States v. Harris*, 689 F. Supp. 2d 692 (S.D.N.Y. 2010)—another which is distinguishable. In *Harris*, the court found that the defendant's supervised release placed his employment in jeopardy. "*Harris*, 689 F. Supp. 2d at 695. Again, unlike in *Harris*, Defendant has not presented the Court with any facts to suggest his employment is in jeopardy. In fact, Defendant touts his employment successes throughout his motion. (*see generally* Moving Br.) Finally, Defendant cites *United States v. McPherson*, 454 F. Supp. 3d 1049 (W.D. Wash. 2020) in support. *McPherson* has absolutely no relevance to the specifics of the instant matter. The *McPherson* court reduced the defendant's sentence due to the "extraordinary and compelling reasons" relating to the defendant's health and change in the law affecting his sentence. *McPherson*, 454 F. Supp. 3d at 1053. Here, no similar circumstances exist. Therefore, Defendant's motion is denied.

### III.     CONCLUSION

For the reasons stated above, the Court will deny Defendant's Motion for Termination of Supervised Release. An appropriate Order will follow.

s/ Zahid N. Quraishi<br>
**ZAHID N. QURAISHI**<br>
**UNITED STATES DISTRICT JUDGE**